## Case No. 2,151.

### BURFORD et al. v. KLIPPELL.

[The case reported under above title in 5 Cin. Law Bul. 56. is the same as Buford v. Henzier, Case No. 2,114.]

## Case No. 2,152.

### BURFORD v. RINGGOLD et al.

[1 Cranch, C. C. 253.][1]

Circuit Court, District of Columbia. Sept. Term, 1805.

INJUNCTION—MOTION TO DISSOLVE—NOTICE.

The court, at an adjourned session, will not hear a motion to dissolve an injunction upon notice given after the first session of the term.

Mr. Mason's causes, which were non prossed at the former session of this term, were reinstated upon his stating that he was confined to his bed by sickness in the country, and unable to attend and to write.

In equity. Injunction. The answers of the defendants [Ringgold and Morsell] were filed August 10, 1805, and notice of motion to dissolve on the 30th of September, 1805, (the day to which the July term stood adjourned) was served on Burford on the 18th of August, and on Mr. Youngs, his solicitor, on the 21st September, who acknowledged service and promised to attend on this day (October 4, 1805).

THE COURT refused to hear the motion to dissolve at this time. See the decision of the court in Alexandria, in the case of Wright v. West's Ex'x [Case No. 18,102] where the court refused, at the adjourned court in March, to take up cases which were set for decree or dissolution, subsequent to the original term of November, 1803.